IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON LEWIS HENDERSON, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:18CV238–HEH
)
ERIC WILSON, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing § 2241 For Lack of Jurisdiction)

Jason Lewis Henderson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 20.) For the reasons set forth below, the Government's Motion to Dismiss will be granted and the § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
  (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
  (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
  (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

## I. Procedural History

On January 20, 2019, Henderson pled guilty to one count of possession with the intent to distribute 73.7 grams of a mixture and substance containing a detectible amount of cocaine base (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Three) in the United States District Court for the Middle District of North Carolina ("Sentencing Court"). *See* Plea Agreement ¶ 1, *United States v. Henderson*, No. 1:09CR333–1 (M.D.N.C. filed Jan. 20, 2010), ECF No. 20. The Government previously had filed an Information of Prior Conviction under 21 U.S.C. § 851 that listed two prior convictions and would have subjected Henderson to a mandatory life sentence under the 2009 version of 21 U.S.C. § 841(b)(1)(A). *See* Information of Prior Conviction, *Henderson*, No. 1:09CR333–1 (M.D.N.C. filed Oct. 28, 2019). In exchange for his guilty plea, the Government agreed to withdraw one of the convictions listed in the Information of Prior Conviction under 21 U.S.C. § 851, lowering the statutory minimum and maximum sentence for Count One to not less than twenty years and not more than life imprisonment. Plea Agreement ¶¶ 2.a, 5, *Henderson*, No. 1:09CR333–1. In his Plea Agreement, Henderson agreed that he understood that he would be subject to this statutory minimum and maximum. *Id.* ¶ 2.a.

A Presentence Report ("PSR") prepared before sentencing found Henderson to be a career offender under § 4B1.2 of the United States Sentencing Guidelines ("USSG") because he had two prior controlled substance offenses. PSR, *Henderson*, No. 1:09CR333–1 (M.D.N.C. filed Apr. 08, 2019), ECF No. 78. Henderson's offense level as a career offender was 37 because, under USSG § 4B1.1(a), his offense statutory

2

maximum was life in prison. *Id.* ¶ 20. Even without the § 851 enhancement, Henderson's offense statutory maximum sentence was life because he agreed in his Plea Agreement that 73.7 grams of cocaine base were attributable to him. *See* 21 U.S.C. § 841(b)(1)(A) (2009). Thus, as a career offender, Henderson's offense level would have been 37 with or without the statutory enhancement. Henderson received an adjustment for acceptance of responsibility, resulting in a total offense level of 34, and a criminal history category of VI. PSR ¶¶ 21–22, 86, *Henderson*, No. 1:09CR333–1. Henderson's applicable advisory guidelines range was 322 to 387 months (262 to 327 on Count One, followed by 60 months on Count Three) of incarceration. *Id.* ¶ 86. On November 17, 2010, the Sentencing Court entered judgment against Henderson and sentenced him to 131 months of incarceration on Count One and a consecutive term of 30 months on Count Three. *See* J. 2, *Henderson*, No. 1:09CR333–1 (M.D.N.C. Nov. 17, 2010), ECF No. 30.

On March 21, 2012, Henderson filed a § 2255 motion in the Sentencing Court. *Henderson*, No. 1:09CR333–1 (M.D.N.C. filed Mar. 21, 2012), ECF No. 38. In his § 2255 motion and his various supplements, Henderson argued, *inter alia*, that his career offender designation and the § 851 enhancement were no longer valid after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[2] (*See* ECF No. 1–1 at 2.) The Sentencing

---

[2] In *Simmons*, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. *Simmons*, 649 F.3d 243–35. The Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical*

3

Court rejected this claim and concluded that Henderson's *Simmons* claim was barred by *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). *See* R&R 2, *Henderson*, No. 1:09CR333–1 (M.D.N.C. Oct. 26, 2016), ECF No. 73; Order 1, *Henderson*, No. 1:09CR333–1 (M.D.N.C. Nov. 28, 2016), ECF No. 76.

In his § 2241 Petition, Henderson once again challenges his sentence and argues that he is no longer subject to the § 851 enhancement based on *Simmons* because his prior convictions no longer qualify as "felony drug offenses." (*See* ECF No. 1, at 3, 7.)[3] As discussed below, Henderson fails to demonstrate that he may use § 2241 to obtain relief.

## II.  Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of

---

defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

[3] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Henderson's submissions.

4

his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

5

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[5]

### III. Analysis of Henderson's 28 U.S.C. § 2241 Petition

Here, Henderson challenges the legality of his sentence. Henderson fails to satisfy the second prong of *Wheeler*. Specifically, Henderson fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) Although Henderson argues that *Simmons* entitles him to relief on his sentence, *Simmons* was decided in 2011, prior to when Henderson filed his § 2555 motion in 2012. The Fourth Circuit held that *Simmons* applied retroactively to cases on collateral review on August 21, 2013. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2015).[6] Henderson raised challenges to his sentence under *Simmons* in his first

---

[5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

[6] In *Wheeler*, the Fourth Circuit suggests that a *Simmons* claim was not available until they held the case retroactive to cases on collateral review in *Miller* despite the fact that the controlling opinion was decided in 2011. 886 F.3d at 421, 429. The Fourth Circuit fails to explain how this approach squares with how retroactivity is handled under § 2255. Nevertheless,

6

§ 2255 motion and supplemented that motion many times between 2012 and 2015 when the Sentencing Court finally dismissed the motion. Henderson clearly had an opportunity during that time to supplement his § 2255 motion to argue that *Simmons* was now retroactive. Thus, the "deemed to apply retroactively on collateral review" version of a *Simmons* claim was clearly available to Henderson during the pendency of his first § 2255 motion. Henderson fails to satisfy the second prong of *Wheeler*.

Henderson also fails to meet the fourth prong of *Wheeler*. Here, Henderson's sentence was based solely on the finding that he was a career offender under the advisory sentencing guidelines, not based on the § 851 enhancement as Henderson suggests. Because Henderson agreed that 73.7 grams of cocaine base were attributable to him in his Plea Agreement, his statutory maximum sentence was life imprisonment regardless of an § 851 enhancement. Thus, even without the § 851 enhancement his offense level was 37 under the USSG. Henderson's sentence was driven by his career offender status under the advisory guidelines.

The fourth prong of *Wheeler* requires a showing that due to a retroactive change in the law, Henderson's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The Fourth Circuit has concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*United v. Booker*, 543 U.S. 220, 245 (2005), when the Sentencing

---

the Court is constrained to assume that, for the purposes of § 2241, *Simmons* was not "deemed to apply retroactively on collateral review" until August 21, 2013.

7

Guidelines were mandatory. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

However, the Fourth Circuit explicitly noted that if Lester had been sentenced under the post-*Booker* advisory Sentencing Guidelines, his petition would be barred as failing to meet the fourth prong of *Wheeler*. *Id.* at 715. The Court explained:

> In [*United States v.* ]*Foote*[, 784 F.3d 931 (4th Cir. 2015)], we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in *Foote*, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentences issued 'in excess of the maximum authorized by law'." *Id.* at 942 (quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in *Foote* was that the petitioner, unlike Lester, was sentenced after *Booker* had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. *Id.* at 942; *see Wheeler*, 886 F.3d at 422 n.9 (distinguishing *Foote*).
>
> *Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.* But *Foote* simply doesn't apply to a petitioner sentenced in the pre-*Booker* era. Indeed, we denied the petitioner's claim in *Foote* partly on the grounds that, because he was sentenced under the advisory Guidelines, the district court not only had the discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. *Foote*, 784 F.3d at 941–42; see 18 U.S.C. § 3553(a) (requiring individualized analysis of sentencing factors). That discretion is what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

*Lester*, 909 F.3d at 715 (emphasis added); *see Payton v. Entzell*, No. 2:18CV48, 2019 WL 2578770, at *2–3 (N.D. W.Va. June 24, 2019) (holding that petitioner challenging career offender sentence under advisory guidelines fails to satisfy the fourth *Wheeler* prong). Henderson was sentenced in 2010 and under the advisory Guidelines. Therefore,

he cannot meet the fourth prong of *Wheeler*, and the Government's Motion to Dismiss will be granted.[7]

### IV. Conclusion

Because Henderson fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," *Wheeler*, 886 F.3d at 429, *after* his first § 2255 motion, he may not proceed by § 2241. Accordingly, the Government's Motion to Dismiss (ECF No. 20) will be granted. Henderson's § 2241 Petition (ECF No. 1) will be dismissed without prejudice for want of jurisdiction.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug. 26 2019
Richmond, Virginia

---

[7] The Government also asserts that Henderson waived the right to bring this petition challenging his sentence by his validly entered guilty plea. (Mot. Dismiss 6.) In *Wheeler*, and in subsequent cases in the Fourth Circuit, it does not appear that the Government made the argument that the terms of the defendants' plea agreements waived the right to challenge their sentence in post-conviction proceedings. Here, in his guilty plea, Henderson agreed that he
> expressly waiv[ed] the right to appeal the conviction and whatever sentence is imposed on any ground . . . and *further to waive any right to contest the conviction or the sentence in any post-conviction proceeding,* including any proceeding under Title 28, United States Case, Section 2255, excepting the defendant's right to appeal based on the grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

*See* Plea Agreement ¶ 1, *United States v. Henderson*, No. 1:09CR333–1 (M.D.N.C. filed Jan. 20, 2010). Henderson fails to provide any persuasive reason why his guilty plea was not knowing or voluntary and therefore, why his validly entered plea agreement would not bar his post-conviction challenge to his sentence. Nevertheless, because Henderson fails to satisfy *Wheeler*, the Court declines to dismiss the § 2241 Petition solely on this ground.

9